UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> STEVEN TROY HICKS, ) <br> ) <br> Defendant-Petitioner. ) <br> _____ ) | Civil No. 05-CV-2065-L <br> Criminal No. 02-CR-0625-L <br><br> **ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion") following his guilty plea and sentencing in Criminal Case No. 02cr625-L and direct appeal from the judgment and sentence. The court issued an order requiring response to the Motion. The government filed a response, and Defendant replied. The Motion is **DENIED** and this case is **DISMISSED WITH PREJUDICE** because by the express terms of the Plea Agreement Defendant waived his right to bring the Motion.

Defendant was represented by counsel throughout his criminal case. He was indicted on one charge of conspiracy to distribute 5 kilograms cocaine and 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was involved in a conspiracy with at least

/ / / / /

fifteen other individuals[1] to distribute cocaine base and crack cocaine among members of the West Coast Crips street gang and other individuals.  (Indictment filed 3/7/02.)  The conspiracy charge carries a maximum penalty of 10 years to life in custody, a maximum fine of $ 4 million, a $100 mandatory assessment, and five years of supervised release.  (Plea Agreement ¶ III; Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 4/21/06 ("Dispo.") at 6-7.)

On April 21, 2003, Defendant entered into a Plea Agreement.  He admitted to a number of drug transactions, and that he personally delivered approximately two kilograms of crack cocaine.  (Plea Agreement ¶ II.B.; Dispo at 11-13.)  He agreed to plead guilty, waive his right to trial, appeal and collateral attack, and provide information to the government regarding the offense and the West Coast Crips Gang in exchange for the government's promise not to file a Notice of Enhanced Sentence for a Prior Conviction under 21 U.S.C. § 851, and its agreement to a three level sentencing adjustment for acceptance of responsibility and one level departure for a package deal disposition.  (*See* Plea Agreement ¶¶ I, IV, V, X, XI & XII.)  Defendant was sentenced to 235 months in custody, five years of supervised release and a $100 mandatory assessment.  (Judgment filed 2/10/06; Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 9/4/03 ("Sentencing") at 22-24.)

Defendant makes two contentions in support of his Motion:  (1) ineffective assistance of counsel who allegedly promised Defendant a ten-year sentence; and (2) that for this reason Defendant inadvertently waived his right to appeal.  In addition, Defendant requests an evidentiary hearing.  The court rejects both contentions based on the record regarding the voluntariness of Defendant's guilty plea.  An evidentiary hearing is not required because Defendant's claim is conclusory and inherently not credible.

The Plea Agreement informed Defendant that by pleading guilty he would waive certain constitutional and statutory rights, including his right to appeal or collaterally attack his conviction and sentence:

---

[1] While eleven of the conspirators were Defendant's co-Defendants, four of them were prosecuted and tried in the companion case for violent crimes in aid of racketeering. (Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 9/4/03 ("Sentencing") at 12; *see also* Indictment at 4.)

> In exchange for the Government's concessions in this plea agreement, **defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence,** . . ..

(Plea Agreement ¶ XIII (emphasis added).)  The Plea Agreement contains one exception to Defendant's waiver:

> . . . unless the court imposes a custodial sentence greater than the high end of the offense level recommended by the Government pursuant to this agreement.  If the custodial sentence is greater than the high end of the range, the defendant may appeal, . . ..

(*Id.*)  Since the court sentenced Defendant to a shorter custodial sentence than the high end of the offense level recommended by the government, the exception does not apply in this case.

The Plea Agreement expressly set forth the agreed upon sentencing recommendations. The parties agreed to a base offense level of 38 and an adjustment of -3 for acceptance of responsibility.  The government agreed to recommend a one level departure for a package deal disposition, and Defendant reserved the right to request a departure for a medical/psychological condition and for a combination of factors, which the government could oppose.  No agreement was reached as to Defendant's criminal history category.  (*Id.* ¶ X.)

At the sentencing, the court considered the arguments of both counsel.  The defense vigorously argued for the statutory minimum 120-month sentence based on Defendant's mental disability.  (Sentencing at 2-10.)  This included arguments that Defendant's criminal history resulted from his diminished mental capacity and was overstated.  That Defendant suffered from some level of diminished mental capacity was not disputed.  (*Id.* at 3, 16 & 20.)  Based on the Plea Agreement, the government argued for a sentence of 262 months.  (*Id.* at 19.)  According to the government, Defendant reaped a significant benefit from the Plea Agreement because the one level departure for a package deal translated to a 30-months reduction in the custodial sentence.[2]  (*Id.*)  The government argued against any additional grounds to shorten the custodial

---

[2]  Although not mentioned by the government at the sentencing, Defendant also received a substantial benefit from the government's agreement not to file a Notice of Enhanced Sentence for a Prior Conviction under 21 U.S.C. § 851.  (Plea Agreement ¶ XI.)  Had the government filed the notice, the resulting enhancement would have doubled the minimum mandatory sentence from ten to twenty years.  (Opp'n at 4, 7-8.)

sentence. It argued against departing from criminal history category VI because of Defendant's long and serious criminal history, including a prior federal drug felony and a state robbery conviction. (*Id*. at 12-15, 16-17.) The government further argued against a departure for diminished mental capacity in part because Defendant's mental capacity was reduced at least to some extent due to voluntary drug use, his involvement in the conspiracy indicated the need to protect the public because the offense involved actual violence or serious threat of violence, and because his extensive criminal history indicated the need to protect the public. (*Id*. at 15-18.) On October 17, 2001, during the investigation, Defendant was arrested for being a felon in possession of a firearm during time of gang violence. (*Id*. at 13-15.) The government maintained that the surveillance of the situation indicated Defendant agreed to participate in a shooting of a Blood gang member to retaliate for the suicide death of his brother. (*Id*.)

In imposing the 235-month sentence, the court followed the Plea Agreement. The court found the base offense level to be 38, and granted an adjustment of -3 for acceptance of responsibility. (*Id*. at 22.) The court also accepted the government's recommendation for a one level departure for group disposition. (*Id*.) The court declined to depart from criminal history category of VI because it was not overrepresented given the history of the case, the violence involved, and the extent of the drug sales involved. (*Id*.) The court granted, however, a one level departure for diminished capacity. It found Defendant's diminished capacity was not caused by drug use, although it was accentuated by it. (*Id*. at 23.) No greater departure was granted due to the need to protect the public, given the serious threat of violence involved in the offense, and Defendant's inability to resist participating in criminal activities. (*Id*. at 23-24.) This resulted in a Guidelines range of 235 to 295 months, and the court imposed the sentence of 235 months, at the low end of the range, due to Defendant's age. (*Id*. at 24.) The custodial sentence imposed was lower than the 252-month sentence requested by the government in accordance with the Plea Agreement, lower than the Guideline range of 292 to 365 months recommended by the Probation Department in the Presentence Report, and lower than the mandatory statutory minimum of 240 months, had the government not entered into the Plea Agreement and filed for a section 851 sentencing enhancement (Notice of Enhanced Sentence

1 for a Prior Conviction).  Without the plea bargain, with the base offense level of 38 and criminal
2 history category of VI, and assuming one level departure for diminished capacity.  Defendant
3 faced a potential custodial sentence in the range of 360 months to life.
4      After the sentence was pronounced, Defendant expressed his dissatisfaction:

> THE DEFENDANT:  Your Honor, I would like to say one thing for the record.  I would like to [*sic*] know that I want to appeal this because I want to go to trial.  My lawyer had told me ten years.  You know what I am saying?  The only reason I took this – I was going to trial.  What is the difference, at my age, then taking 20 or then life?  Twenty is life to me.  So I would like to put a notice of appeal on record today.

(*Id.* at 25-26.)  This is the first time Defendant indicated he was promised a shorter sentence.

     Defendant appealed, claiming his waiver of appeal was not voluntary, he was legally incompetent to understand and aid in his defense, and that he should have been told at the disposition hearing that the government would have had the burden to prove the amount of drug sales attributable to him beyond reasonable doubt.  (Mem., 9th Cir., filed 12/1/04.)  The Court of Appeal rejected all of these claims, found the appeal waiver to have been voluntary and free of plain error, and dismissed the appeal.  (*Id.*)

     Defendant then filed the instant Motion, wherein he claims his guilty plea was neither knowing nor voluntary because his counsel had promised him that if he pled guilty, he would receive a 120-month custodial sentence, but instead he received a 235-month sentence.  He further argues that an evidentiary hearing is necessary because neither the Plea Agreement nor the disposition hearing "shed any light on the advice or promises that Petitioner's attorney made to him."  (Reply at 2.)  The court disagrees.

     At the disposition hearing, the Court reviewed the charge and the Plea Agreement with Defendant.  (Dispo. at 4-10.)  The court then extensively questioned Defendant about any promises extraneous to the Plea Agreement, which he unequivocally denied, and the voluntariness of his plea and understanding of the agreement, including the uncertainty of the sentence, which he unequivocally affirmed:

> THE COURT:  . . . Mr. Hicks, have you read the Plea Agreement?
>
> THE DEFENDANT:  Yes, Sir, your Honor.

THE COURT: Has your attorney gone over the agreement with you paragraph by paragraph?

THE DEFENDANT: Yes, your Honor.

THE COURT: And has he explained the agreement to you?

THE DEFENDANT: Yes, your Honor.

THE COURT: . . . Do you understand the agreement?

THE DEFENDANT: Yes, your Honor.

THE COURT: . . . Do you have any questions about it at this time?

THE DEFENDANT: No, Sir, your Honor.

THE COURT: . . . Now, you have initialed each page of the agreement; you have signed at the end of this agreement. This indicates to the court that you have gone over each and every page of the agreement with your attorney, and that you understand the terms and conditions of the agreement. Further, based on your initials on each of the pages and signing at the end and indicating that you understand the agreement, I find that the statement of facts is a true and correct summation of the facts in this case.

Now, you understand that the court is not bound by this agreement?

THE DEFENDANT: Yes, Sir, your Honor.

THE COURT: However, if I do follow the agreement and pronounce sentence in accordance with the terms of the agreement, you have waived your right to appeal the sentence or at a later date to collaterally attack the sentence. Is that clear?

THE DEFENDANT: Yes, your Honor.

THE COURT: And finally, if I don't follow the terms of the agreement, you have no right to withdraw your plea of guilty. Do you understand that?

THE DEFENDANT: Yes, Sir, your Honor.

THE COURT: . . . [U]nder the Sentencing Reform Act, the Federal Sentencing Guidelines apply in this case and after it's been determined which guideline applies, then the court has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. Is that clear?

THE DEFENDANT: Yes, Sir, your Honor.

THE COURT: . . . [T]he court will not be able to determine the Guideline sentence for your case until after the Probation Department prepares a Presentence Report, and both you and the government have had an opportunity to challenge the facts and recommendations contained in that report. Is that clear?

THE DEFENDANT: Yes, Sir, your Honor.

> THE COURT: . . . [H]ave you reviewed the Federal Sentencing Guidelines with your counsel?
>
> THE DEFENDANT: Yes, Sir, your Honor.
>
> THE COURT: Do you have any questions about those Guidelines at this time?
>
> THE DEFENDANT: No, Sir, your Honor.
>
> THE COURT: . . . Are you satisfied with the services of your attorney?
>
> THE DEFENDANT: Yes, Sir, your Honor.
>
> THE COURT: . . . Are you entering this plea of guilty of your own free will?
>
> THE DEFENDANT: Yes, Sir, your Honor.
> . . .
>
> **THE COURT: . . . Has anyone made any promises or offered you any rewards in return for this guilty plea, other than the promises in the Plea Agreement?**
>
> **THE DEFENDANT: No, Sir, your Honor.**
>
> THE COURT: . . . So you are pleading guilty to count one because in truth and in fact you are guilty as charged?
>
> THE DEFENDANT: Yes, Sir, your Honor.

(Dispo. at 7-10 (emphasis added).) Consistent with his representations in court, Defendant signed the Plea Agreement and initialed its every page. He acknowledged and agreed that "**[n]o one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this plea agreement or otherwise disclosed to the court**." (Plea Agreement ¶ VI.B (emphasis added).)   Further, he acknowledged and agreed that his counsel could not make any promises about the sentence:

> Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representations as what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by the statute, and is also aware that **any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is *not binding on the court***. Likewise, the recommendation made by the Government is not binding on the court, and it is uncertain at this time what defendant's sentence will be.

/ / / / /

/ / / / /

(Plea Agreement ¶ IX (bolded emphasis added).) The Plea Agreement and Defendant's representations in court under oath contradict Defendant's subsequent claim that he was promised a shorter sentence.

"A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Accordingly, a plea agreement that waives the right to appeal or collaterally attack the conviction and sentence is unenforceable with respect to ineffective assistance of counsel claims to the extent they challenge the voluntariness of the waiver. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005). Defendant maintains that because his Motion challenges the voluntariness of his plea, he is entitled to an evidentiary hearing. The court disagrees.

An evidentiary hearing is required when the defendant alleges "specific facts which, if true, would entitle him to relief," and the motion, files and records of the case "cannot conclusively show that he is entitled to relief." *Howard v. United States*, 381 F.3d 873, 877 (9th Cir. 2004). Defendant does not allege any specific facts. Without providing any specifics and without attempting to explain his testimony that he had not received any promises, he makes a bald assertion that his counsel had promised him a ten-year sentence. This assertion, without any elaboration, is repeated in Defendant's affidavit and in the affidavit of his mother.[3]

Defendant relies on *Marchibroda v. United States* for his argument that an evidentiary hearing is required. 368 U.S. 487 (1962). *Marchibroda* is distinguishable, because the defendant's motion and affidavit set out detailed factual allegations regarding the times, places and circumstances when he allegedly received assurances from the prosecutor about the length of the sentence. *Id*. at 489 &n.1; *see also id*. at 495. By contrast, Defendant's allegations and affidavit in this case are conclusory and lacking any particulars.

/ / / / /

---

[3] The affidavit of Defendant's mother lacks any suggestion of foundation or personal knowledge regarding this assertion.

When claims in a section 2255 motion are "conclusory or inherently incredible, a district court has the discretion to dismiss the petition without a hearing." *Howard*, 381 F.3d at 879. "Specific, credible evidence" is needed to move a claim beyond a bald assertion. *Id.* Since Defendant has failed to do so, an evidentiary hearing is not required.

The record establishes Defendant received a sentence in accordance with the Plea Agreement and that his plea was knowing and voluntary. His waiver of the right to collaterally attack the conviction and sentence is therefore valid, and his Motion is **DENIED**. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: December 4, 2006

_____
M. James Lorenz
United States District Court Judge

COPY TO:

ALL PARTIES/COUNSEL