UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> STEVEN TROY HICKS, ) <br> ) <br> Defendant-Petitioner. ) <br> ) <br> _____ ) | Civil No. 05-CV-2065-L <br> Criminal No. 02-CR-0625-L <br> **ORDER (1) DENYING DEFENDANT'S MOTION TO RECONSIDER OR AMEND JUDGMENT; AND (2) DENYING HIS PETITION FOR CERTIFICATE OF APPEALABILITY** |

    Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Section 2255 Motion") following his guilty plea and sentencing in Criminal Case No. 02cr625-L and direct appeal from the judgment and sentence. By order filed December 4, 2006, Defendant's Section 2255 Motion was denied, and the case was dismissed with prejudice. On December 26, 2006, Defendant filed a pleading styled as Motion for Reconsideration, Under FRCP Rule 59(e), or Motion to Amend Judgment, Under FRCP Rule 59(e), or Petition for Certificate of Appealability, Under Title 28, U.S.C. § 2253(c)(3). For the reasons stated below, Defendant's Rule 59(e) motion and his application for a certificate of appealability are **DENIED**.

    Defendant was represented by counsel throughout his criminal case and on appeal. He was indicted on one charge of conspiracy to distribute 5 kilograms cocaine and 50 grams of

cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He was involved in a conspiracy with at least fifteen other individuals to distribute cocaine base and crack cocaine among members of the West Coast Crips street gang and other individuals.[1]  (Indictment filed 3/7/02.)  The conspiracy charge carries a maximum penalty of 10 years to life in custody, a maximum fine of $ 4 million, a $100 mandatory assessment, and five years of supervised release.  (Plea Agreement ¶ III; Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 4/21/06 ("Dispo.") at 6-7.)

On April 21, 2003, Defendant entered into a Plea Agreement.  He admitted to a number of drug transactions, and that he personally delivered approximately two kilograms of crack cocaine.  (Plea Agreement ¶ II.B.; Dispo at 11-13.)  He agreed to plead guilty, waive his right to trial, appeal and collateral attack, and provide information to the government regarding the offense and the West Coast Crips gang in exchange for the government's promise not to file a Notice of Enhanced Sentence for a Prior Conviction under 21 U.S.C. § 851, and its agreement to a three level sentencing adjustment for acceptance of responsibility and one level departure for a package deal disposition.  (*See* Plea Agreement ¶¶ I, IV, V, X, XI & XII.)  After a Rule 11 hearing, Defendant's guilty plea was entered.  (Dispo. at 3-13.)  Based on the Plea Agreement, Defendant was sentenced to 235 months in custody, five years of supervised release and a $100 mandatory assessment.  (Judgment filed 2/10/06; Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 9/4/03 ("Sentencing") at 22-24.)  Immediately after the sentence was pronounced, Defendant protested, representing that his counsel had promised him a ten-year sentence, and indicated the wanted to appeal.  (*Id.* at 25-26.)

Defendant appealed, claiming his waiver of appeal was not voluntary, he was legally incompetent to understand and aid in his defense, and that he should have been told at the disposition hearing that the government would have had the burden to prove the amount of drug sales attributable to him beyond reasonable doubt.  *United States v. Horne*, 117 F. App'x 519

---

[1] While eleven of the conspirators were Defendant's co-Defendants, four of them were prosecuted and tried in a companion case for violent crimes in aid of racketeering. (Tr. of Proceedings before the Hon. M. James Lorenz Without a Jury, 9/4/03 ("Sentencing") at 12; *see also* Indictment at 4.)

(9th Cir. 2004). The Court of Appeal rejected all of these claims, found the appeal waiver to have been voluntary and free of plain error, and dismissed the appeal. (*Id.*)

Defendant filed a Section 2255 Motion claiming his waiver of appellate and collateral review was not knowing and voluntary. Based on both parties' briefing, and detailed review of the Plea Agreement and the transcripts of Defendant's change of plea and sentencing hearings, the court denied Defendant's Section 2255 Motion, finding his waiver of right to collaterally attack or appeal his conviction and sentence knowing and voluntary, and therefore enforceable.

Defendant now moves to reconsider or amend judgment, or in the alternative, for a certificate of appealability ("Motion"). In support of his Motion, he makes three arguments: (1) the court failed to liberally construe his pleadings filed as a *pro se* litigant; (2) his mental impairment caused him to be incompetent to plead guilty, and precluded him from knowingly and voluntarily waiving his rights; and (3) the plea was not knowing and voluntary because it resulted from counsel's representation that he would receive a ten-year sentence.

Rule 59(e) permits a district court to reconsider and amend a previous order. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). With his second and third arguments, Defendant seeks reconsideration of the merits of his Section 2255 Motion. As to these arguments, his Rule 59(e) motion to reconsider or amend judgment is construed as a second or successive federal habeas motion under 28 U.S.C. § 2255. *Gonzalez v. Crosby*, 545 U.S. 524; 125 S.Ct. 2641, 2649 (2005) ("[A] Rule 60(b) motion [to reconsider] that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."); *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998) (*en banc*). Defendant did not obtain authorization from the Ninth Circuit Court of Appeals to file a successive section 2255 motion, and thus deprived this court of jurisdiction to reconsider his claims on the merits. *See* 28 U.S.C. §§ 2244(a) & (b)(3), 2255; R. Governing Sect. 2255 Proc. for the U.S. Dist. Ct., Rule 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."); *United States v. Allen*, 157 F.3d

/ / / / /

661, 664 (9th Cir. 1998).  Accordingly, Defendant's Rule 59(e) motion with respect to the second and third arguments is denied for lack of jurisdiction.

Since Defendant's first argument questions whether the court considered the merits of his Section 2255 Motion, his Rule 59(e) motion in this regard does not present a second or successive petition.  Accordingly, the court has jurisdiction to consider Defendant's first argument.  Defendant maintains the court failed to liberally interpret his motion papers.  In interpreting Defendant's Section 2255 Motion papers, the court took into account the instruction that "inartful pleading" of *pro se* litigants must be liberally construed.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) and cases cited therein; *see also United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2001).  Defendant suggests the court did not understand that he argued his plea was involuntary and unknowing and that the Plea Agreement, as Defendant understood it based on counsel's alleged representations, was violated at sentencing.  (Mot. at 3.)  The court recognized these issues, and expressly addressed them in the December 4, 2006 order.  Although Defendant's initial Section 2255 Motion papers were scant, they clearly expressed Defendant's claims and their factual basis.  Furthermore, Defendant filed a reply brief addressing the government's traverse, and accompanied it with declarations.  The suggestion that Defendant could not clearly present his claims without assistance or that the court did not understand them is contradicted by the record.  Accordingly, Defendant's Rule 59(e) motion is denied.

In the alternative, Defendant seeks a certificate of appealability ("COA").  Title 28 U.S.C. § 2253 governs the appealability of habeas corpus petitions.  It provides in pertinent part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – . . .
> (B) the final order in a proceeding under section 2255.

"The COA determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El*, 537 U.S. at 327, *citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The applicant does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 1983), *citing Barefoot v. Estelle*, 463 U.S. at 880, 893 n.4 (1983). Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 337-38, *quoting Barefoot*, 463 U.S. at 893.

Defendant argues he was incompetent "to actually comprehend the true nature of his plea, or . . . the consequences of his plea." (Mot. at 5.) This conclusory allegation of incompetence is negated by the record, and is therefore insufficient to make a substantial showing of the denial of a constitutional right.[2]

Although it was undisputed that Defendant suffered from some level of diminished mental capacity (*see* Sentencing at 3, 16 & 20), there was no ground to suspect Defendant was incompetent to plead guilty. A court is not "required to make a competency determination in every case in which a defendant seeks to plead guilty . . .. As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993). No reason to doubt Defendant's competence was present in this case.

Competence to plead guilty is measured by the same standard as competence to stand trial. *Godinez*, 509 U.S. at 398. This standard is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Id*. at 396. "The focus of a competency inquiry is the defendant's . . . *ability* to understand the proceedings." *Id*. at 401 n.12 (emphasis in original).

/ / / / /

---

[2] The competency argument was expressly rejected on direct appeal. *See United States v. Horne*, 117 F. App'x 519 (9th Cir. 2004).

At the request of Defendant's counsel, Defendant received a psychological evaluation "to better determine his cognitive limitations and their effect on his functioning. (*See* Def.'s Sentencing Mem., filed 8/15/03, Ex. 1 (report of Meredith Friedman, Ph.D.) at 1.) The psychological evaluation contradicts the extent of mental incapacity now urged by Defendant. Dr. Friedman noted Defendant "was without evidence of thought disorder. His thinking was logical and goal-directed, and his reality testing unimpaired. There were no indications of hallucinations, delusions, ideas of reference, bizarre preoccupations, or idiosyncratic ideation." (*Id*., Ex. 1 at 6.) Although Dr. Friedman also found Defendant was "mildly mentally retarded" and "appeared to be below average intelligence" (*id*.), this alone is insufficient to support an incompetence claim. "Mentally retarded persons frequently know the difference between right and wrong and are competent to stand trial." *Atkins v. Virginia*, 536 U.S. 304, 318 (2002). Accordingly, Defendant's psychological evaluation precludes a substantial showing that his constitutional rights were denied because he was incompetent to plead guilty, and waive his right to collaterally attack or appeal his sentence or conviction.

Liberally construing Defendant's pleadings, the competency argument could also be interpreted as an argument that although Defendant was competent to plead guilty, his mental disability precluded a knowing and voluntary waiver. In addition to competency, in order to accept a guilty plea, "a trial court must satisfy itself that the waiver of [defendant's] constitutional rights is knowing and voluntary." *Godinez*, 509 U.S. at 400. "The purpose of the 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Id*. at 401 n.12 (emphasis in original). Defendant's argument goes to the former question, whether he understood the significance and consequences of his plea. This argument is negated by the record. The court extensively questioned Defendant about his plea and the voluntariness of his plea. (Dispo. at 3-13.) Nothing in Defendant's conduct or responses, whether viewed as of the time of his guilty plea or in light of his subsequent psychological evaluation and sentencing, raised any doubt that he understood the significance and consequences of his guilty plea. (*See id*.; Sentencing Mem., Ex.1; Sentencing at 2-26.)

Accordingly, the record precludes a substantial showing that Defendant's constitutional rights were denied because his mental disability rendered his waiver less than knowing and voluntary.

Last, Defendant argues his guilty plea was not knowing or voluntary because it was induced by his counsel's assurances that he would receive a ten-year sentence. Defendant amplifies the argument by stating his counsel constantly urged him to plead guilty.[3] (Mot. at 7.) The argument is rejected because it is negated by the record. (See discussion and citation to the record in Order Denying Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed 12/4/06, at 5-8.) As previously, this allegation is conclusory and unsupported with specifics such as when or how often and under what circumstances the counsel's alleged representations were made. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977).

Defendant's reliance on *Blackledge v. Allison* is unavailing. As in this case, in *Blackledge,* the defendant pled guilty, and his responses at the Rule 11 hearing supported a finding that the plea and waiver of defendant's rights were knowing and voluntary. *Id*. at 67-68. As in this case, the defendant was dissatisfied with the sentence he received, and challenged it based on counsel's alleged promise that the maximum sentence would be ten years. *Id*. Unlike in this case, however, the defendant in *Blackledge* was instructed by counsel "to answer the questions, so that the Court would accept the guilty plea." *Id*. at 69. Furthermore, unlike in this case, there was no transcript of the guilty plea hearing, the record was silent regarding the terms of the plea agreement and any agreed upon sentencing concessions, and there was no record of the sentencing hearing. *Id*. 77. Defendant does not contend his counsel advised him to mislead the court. Furthermore, there is an exhaustive record in the form of change of plea and sentencing transcripts as well as the Plea Agreement itself. The court questioned Defendant at length about the voluntariness of his guilty plea and any extraneous promises which may have been made to him to induce the plea. The court explained to Defendant it was not bound by the

---

[3] Defendant's reliance on *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997), for the proposition that "[a]n attorney's dogged insistence on pleading guilty most certainly had an effect on determination whether different advice from that attorney would have led to a plea of not guilty," is misplaced. (Mot. at 7.) In *Langford*, it was the *defendant*, and not his counsel, who doggedly insisted on pleading guilty.

sentencing recommendations in the Plea Agreement, that he could not withdraw his guilty plea if he was dissatisfied with the sentence, and that the sentence could not be determined until the Probation Department prepared a presentence report. (Dispo. at 8-9.) Defendant nevertheless unequivocally decided to plead guilty. (Dispo. at 3-13.) These facts make a difference.

In the presence of these procedures, a section 2255 motion is "cast in a very different light" than it was in *Blackledge*. *Id*. at 79.

> [The] representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id*. at 73-74. Defendant's conclusory allegations are insufficient to overcome this barrier or to make a substantial showing of the denial of a constitutional right. Accordingly, Defendant's application for a certificate of appealability is denied.

For the foregoing reasons, Defendant's motion pursuant to Rule 59(e) to reconsider or amend the December 4, 2006 order is **DENIED**. Defendant's application for a certificate of appealability pursuant to 28 U.S.C. § 2253 is also **DENIED**.

**IT IS SO ORDERED.**

DATED: January 17, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

ALL PARTIES/COUNSEL

04cr1016/05cv1701